# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AARON CASTRO,

    *Petitioner*,

vs.

JAMES SCHOMIG, *et al.*,

    *Respondents*.

2:04-cv-01652-RLH-RJJ

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry into whether all of the federal claims in Grounds 1, 2, and 3 are exhausted. This order follows upon the Court's earlier show cause order (#58) and the parties' briefing (## 59, 62 & 63) in response thereto.

### *Governing Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir.

2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003). The exhaustion requirement accordingly insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

**Ground 1**

In Ground 1, petitioner alleges that he was denied due process, a fair trial, and effective assistance of counsel when the state trial court denied a *pro se* oral motion for a continuance that he made, in lieu of a pending motion to dismiss his counsel, on the morning of the first day of trial. Petitioner requested the continuance so that his counsel could pursue additional steps that petitioner believed were necessary for his defense.

The Court's show cause order inquired as to whether the federal claims in Ground 1 were fairly presented to the Supreme Court of Nevada on direct appeal as federal claims. That is, the *sua sponte* inquiry focused upon whether the claim raised on direct appeal presented only a state law claim challenging the state district court's exercise of its discretion in denying the *pro se* oral motion for a continuance.

Ground 1 presents the closer question as to exhaustion. On direct appeal, petitioner argued that the state district court abused its discretion by failing to grant the continuance request.[1] The petitioner's principal brief included the following section:

> B. <u>Where Good Cause is Shown Pursuant to EDCR Rule 7.30, it is Abuse or [sic] Discretion to Deny Motion to Continue Given the Present Facts</u>

---

[1] #52, Ex. 39, at 4-12.

   The standard of review for the denial of Appellant's motion to continue trial is whether or not the District Court Judge, Michael Douglas, abused his discretion. <u>Banks v. State</u>, 101 Nev. 771, 710 P.2d 723 (1985)(standard of review for denial of continuance is abuse of discretion). The rules of practice of the Eighth Judicial District Court Rules, Rule 7.30, indicate that a continuance should be granted **upon good cause shown**. The Nevada Supreme Court has also articulated a test to determine whether the trial court abused its discretion in such a denial. <u>Zessman v. State</u>, 94 Nev. 28, 573 P.2d 1174 (1978). <u>Zessman</u> states in pertinent part:

> The matter of continuance is traditionally within the discretion of the trial judge and not every denial of a request for additional time violates due process. <u>Ungar v. Sarafite</u>, 376 U.S. 575 (1964); <u>Polito v. State</u>, 71 Nev. 135, 282 P.2d 801 (1955). <u>Each case must turn on its own circumstances, with emphasis upon the reasons presented to the trial judge at the time the request was made.</u> *See*, <u>Nilva v. United States</u>, 352 U.S. 385 (1987). <u>A myopic insistence upon expediency in the face of a justifiable request for delay can make the right to defend with counsel of little value.</u> Chandler v. Fretag, 348 U.S. 3 (1954).

(Zessman, 94 Nev. at 31 (emphasis added)).

#52, Ex. 39, at 8-9 (emphasis in original). See also *id.*, at 10 ("A review of the trial record reveals that Mr. Wolfbrandt was unprepared to adequately defend the Appellant and that as such Appellant was substantially prejudiced and did not obtain a fair trial.").

  On the post-conviction appeal, the Supreme Court of Nevada held as follows:

> Appellant . . . contends that the district court abused its discretion in denying his motion to continue the trial. This argument . . . lacks merit. "It is well settled that the granting of a motion to continue is within the sound discretion of the trial court." Doleman v. State, 107 Nev. 409, 416, 812 P.2d 1287, 1291 (1991)(citing McCabe v. State, 98 Nev. 604, 655 P.2d 536 (1982); Johnson v. State, 90 Nev. 352, 526 P.2d 696 (1974)). "Whether the denial of a continuance is arbitrary must be determined from the circumstances present in every case, particularly those presented to the trial judge at the time the request is denied." <u>Johnson</u>, 90 Nev. at 353, 526 P.2d at 697 (citing Ungar v. Sarafite, 376 U.S. 575, 589 (1964)). This court is not inclined "to allow last-minute proceedings to delay the commencement of a trial." <u>Id.</u> (citing Howard v. Sheriff, 83 Neva. 150, 153, 425 P.2d 596, 598 (1967)). After reviewing the record, we are not persuaded that a continuance was warranted. Accordingly, we conclude that the district court did not abuse its discretion in denying the motion to continue.

#52, Ex. 41, at 2-3.

Petitioner relies upon, *inter alia*, the citation to *Ungar* and the remaining United States Supreme Court cases in the appellant's brief and the citation to *Ungar* in the Nevada Supreme Court's order to establish that the federal claims in Ground 1 were fairly presented to and considered by the state supreme court. As noted, the exhaustion issue is closer on this ground. The Court included Ground 1 in the show cause order as it was arguable that *Ungar* and the remaining cases were being referred to by the petitioner and the state supreme on direct appeal for the generalized statement of the abuse-of-discretion standard rather than in connection with fairly-presented federal constitutional claims. *Cf. Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005)("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."). Moreover, appeals to broad constitutional principles such as due process, equal protection and the right to a fair trial do not establish exhaustion of any specific federal claim. *E.g., Castillo*, 399 F.3d at 999.

In their responding memorandum, the respondents contend that the petitioner's citation to the Supreme Court decisions in *Ungar, Nilva*, and *Chandler* did not exhaust the federal claims in Ground 1 because the decisions presented "slightly different" issues than does petitioner Castro in this case.

Respondents contend, *inter alia*, that *Ungar* and *Chandler* each involved a request by a *pro se* petitioner for a continuance so that he could hire an attorney whereas Castro sought a continuance so that his attorney could prepare for trial. *Ungar*, however, in fact involved a continuance request so that the defendant's attorney could prepare. Ungar initially appeared for a scheduled Tuesday morning show cause hearing with counsel, and the trial court allowed two brief continuances on the day's calendar to allow another lawyer to appear for Ungar. When the lawyer arrived, counsel requested a one-week delay on the basis that he was unfamiliar with the case because he only recently had been retained on the preceding Saturday. *See* 376 U.S. at 590, 84 S.Ct. at 850. The *Ungar* case thus did not present a situation where a *pro se* petitioner was requesting a continuance so that he could hire an attorney. Rather, more like the present case, the defendant in *Ungar* was requesting a continuance so that counsel would have more time to prepare.

The respondents' argument – that the citation to the Supreme Court decisions is inadequate to exhaust the federal claims in Ground 1 because the claims were different in those cases – is not persuasive. Even if *arguendo*, the Court were to engage in such distinctions in an exhaustion analysis, the core claim in, at the very least, *Ungar* was sufficiently analogous to Castro's claim to reject the respondents' argument. Given that the respondents do not argue that the petitioner's citation to the federal decisions otherwise was inadequate to exhaust the federal claims in Ground 1, the Court holds that Ground 1 is exhausted.

### Ground 2

In Ground 2, petitioner alleges that he was denied due process and a fair trial when the state district court admitted evidence in the State's rebuttal case of the circumstances of his 1990 misdemeanor conviction for disorderly conduct after an officer observed him allegedly masturbating while watching young children playing in a public place.

Petitioner concedes that the federal claims in Ground 2 were not presented on direct appeal, where he presented solely a state law claim. Petitioner contends that the exhaustion requirement is excused under 28 U.S.C. § 2254(b)(1)(B)(i) because there is an absence of available state corrective process. He contends that he has no remaining remedy because counsel failed to federalize the claim on direct appeal, and the Supreme Court of Nevada now would lack jurisdiction over an untimely appeal. He maintains that pursuit of state court remedies would be futile because the federal claims would be procedurally barred.

As the Court has noted in past cases, the standards for excusing a procedural default are substantially the same in Nevada state court as they are in federal court. Accordingly, the Court will not hold that the federal claims in Ground 2 are exhausted in the absence of an unequivocal stipulation by petitioner that Ground 2 in fact would be denied as procedurally barred if he returned to state court to present the claim. Any holding of exhaustion on this basis further would be subject to the State's ability to then move to dismiss the claim on the basis of procedural default. Such an unequivocal stipulation, to in truth be unequivocal in light of the application of the procedural default rules under current Nevada state post-conviction

1 procedure, must include concessions that: (1) petitioner cannot avoid dismissal of the federal
2 claims in the state courts because he cannot demonstrate cause and prejudice in the state
3 courts to overcome any procedural bars;[2] (2) petitioner cannot avoid dismissal of the claim in
4 the state courts because he cannot demonstrate in the state courts that the alleged
5 constitutional violation probably has resulted in the conviction of one who is actually innocent
6 and cannot thereby overcome the procedural bars;[3] and (3) the procedural bars otherwise are
7 now consistently applied by the Nevada state courts, such that it is not possible that the state
8 courts, as a discretionary matter, would consider the federal claims despite the procedural
9 default and despite a failure to demonstrate either cause and prejudice or actual innocence.
10 In the absence of such concessions, the Court will not hold that exhaustion would be futile on
11 the basis that there is no possibility that the unexhausted claims would be considered by the
12 state courts in Nevada.
13     Subject to the foregoing, the Court holds that Ground 2 is not exhausted.

### *Ineffective Assistance Claims Under Ground 3*

15     In the show cause order, the Court identified six ineffective assistance claims where
16 it did not appear that the claim had been exhausted on state post-conviction review.  The
17 claim under Ground 3(A) that Castro tried but was unable to reach counsel regarding a motion
18 for a new trial and sentencing did not appear to have been raised on state post-conviction
19 review.  The five remaining claims all involved instances where petitioner presented only a
20 conclusory general allegation to the state courts and now was presenting a claim based upon
21 particularized facts on federal habeas review.  For example, petitioner alleged in the state
22 courts conclusorily only "that trial counsel failed to perform any type of pre-trial investigation."

---

[2] *See,e.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006)("A petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice."); *see also Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004)(recognizing that Nevada's cause and prejudice analysis and the federal cause and prejudice analysis are nearly identical).

[3] S*See,e.g., Mitchell*, 149 P.3d at 36 ("Even when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent," *citing  Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

In federal Ground 3(B), he alleges that counsel failed to investigate a number of specifics identified in subparts (2) through (6) of Ground 3(B). See #58, at 2-3.

Petitioner contends that the particularized federal claims merely add specifics to claims without materially altering the claims. He contends that he merely has alleged additional instances of the same alleged violations.

The Court is not persuaded. The conclusory claims that the petitioner asserted in the state courts failed to fairly present any viable federal claim to the state courts. A conclusory claim only that, *e.g.*, "trial counsel failed to perform any type of pre-trial investigation" fails to state a viable claim in either state or federal court. Among other things, such a conclusory, empty claim fails to allege a basis for concluding that the petitioner sustained resulting prejudice. For, without any allegation as to *what* investigation counsel should have performed, a court cannot determine that there was any resulting prejudice. The state courts accordingly rejected the petitioner's claims without an evidentiary hearing on the basis that the conclusory claims failed to provide any specific supporting factual allegations.[4] The specific allegations that Castro raises for the first time on federal habeas review do not merely provide additional specifics for otherwise viable claims; the allegations instead state claims for the first time in federal court in the place of conclusory, empty claims that failed to fairly present any viable claims to the state courts.

Petitioner's reliance upon his lay status in the state district court and liberal *pro se* pleading rules also is unpersuasive. Under both state and federal post-conviction pleading standards, claims, even claims presented by *pro se* litigants, must be plead with specificity. Even a *pro se* petitioner must do more than conclusorily allege, *e.g.*, only that counsel failed to conduct pre-trial investigation in order to obtain an evidentiary hearing in state court.

Petitioner otherwise does not demonstrate where the specific claims identified in the show cause order were fairly presented to the state courts. The Court accordingly holds that the Ground 3 claims delineated in the show cause order (#58, at 2-3) are not exhausted.

---

[4]See April 25, 2003, Order of Affirmance (#53, Ex. 52), at 2-3.

In sum, the Court holds that Ground 2 and the Ground 3 claims delineated in the show cause order (#58, at 2-3), hereinafter the "Unexhausted Claims," are not exhausted.

IT THEREFORE IS ORDERED that, on or before **August 27, 2008**, petitioner shall file either:

(1) a motion for dismissal without prejudice of the entire petition, for partial dismissal only of the Unexhausted Claims, and/or for other appropriate relief; or

(2) an unequivocal stipulation that the Unexhausted Claims in fact would be denied as procedurally barred if he returned to state court to present the claims, in which he expressly concedes that: (a) petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate cause and prejudice in the state courts to overcome the procedural bars; (b) petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate in the state courts that the alleged constitutional violation has probably resulted in the conviction of one who is actually innocent and cannot thereby overcome the procedural bars; and (c) the procedural bars otherwise are now consistently applied by the Nevada state courts, such that it is not possible that the state courts, as a discretionary matter, would consider the claims despite the procedural default and despite a failure to demonstrate either cause and prejudice or actual innocence.

IT FURTHER IS ORDERED that, also by **August 27, 2008**, any motion filed must contain or be accompanied by a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested.  The Court understands that the contemporaneous filing requirement for the declaration in this instance potentially may require that a defense investigator or paralegal undertake a half-day round trip between Reno and Lovelock.  However, the Court is ordering the contemporaneous filing in this isolated instance to ensure that all aspects of the case are fully resolved by appropriate relief prior to September 30, 2008.

IT FURTHER IS ORDERED that the respondents may file a response on or before **September 3, 2008**, and that petitioner may file a reply on or before **September 10, 2008**.

The entire petition will be dismissed without prejudice for lack of complete exhaustion if an appropriate motion or other response is not timely filed.

The Court reiterates its intention to resolve this matter as promptly as possible. Extensions of time will be considered in only the most extraordinary of circumstances. Accordingly, in the event of conflicting demands between cases pending in this District, counsel should seek any necessary extensions of time in the later-filed case.

DATED: August 13, 2008.

_____
ROGER L. HUNT
Chief United States District Judge